T.C. Memo. 1998-415

UNITED STATES TAX COURT

SHARON YAKIRA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27221-96.                    Filed November 18, 1998.

<u>Steve Mather</u>, for petitioner.

<u>Daniel M. Whitley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$145,517, an addition to tax under section 6651(a)(1) of $14,552,
and a penalty under section 6662(a) of $29,103 with respect to
petitioner's 1989 Federal income tax.[1]

_____

[1]  All section references are to the Internal Revenue Code
in effect for the year in issue, and all Rule references are to
                                        (continued...)

After concessions,[2] the issue for decision is whether petitioner is entitled to nonrecognition of gain from the sale of property located at 1276 Beverly Green Drive, Beverly Hills, California (the California residence) under section 1034(a).[3]

### FINDINGS OF FACT

The parties submitted this case fully stipulated pursuant to Rule 122, and the stipulated facts are so found. The stipulation of settled issues, the stipulation of facts, the first supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in Haifa, Israel, at the time she filed her petition.

On January 20, 1989, petitioner sold the California residence. At the time of the sale, the California residence was petitioner's principal residence within the meaning of section 1034(a). Petitioner realized a gain on the sale of the California residence in the amount of $409,199.

---

[1](...continued)
the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioner is not liable for the addition to tax pursuant to sec. 6651(a)(1) and the penalty pursuant to sec. 6662(a).

[3] In the petition, petitioner argued that respondent is barred by the expiration of the statutory period of limitations from assessing the deficiency for 1989. Petitioner did not address this issue on brief; therefore, we find that petitioner abandoned this issue. Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989). Furthermore, it is clear from the facts of this case that the period of limitations was open when respondent issued the statutory notice of deficiency.

Bay Development, Ltd. (Bay), is a corporation incorporated under the laws of Israel. Petitioner is the sole shareholder and director of Bay.

On April 18, 1990, Bay purchased a house at 115 Yefe Nof Street, Haifa, Israel (the Haifa property). Bay paid a total of $769,676 for the Haifa property. Petitioner provided Bay with all of the funds Bay used to purchase the Haifa property. Upon Bay's purchase of the Haifa property, it became petitioner's principal residence.

On October 15, 1990, petitioner timely filed a Form 1040 for 1989 (the return). Petitioner attached a Form 2119, Sale of Your Home, to the return. On line 2a of the Form 2119, in response to the question of whether petitioner had bought or built a new "main home", petitioner placed an "x" in the box under the column labeled "No".

OPINION

Petitioner contends that she meets the requirements of section 1034 and is entitled to defer recognition of the gain she realized on her sale of the California residence. Respondent argues that petitioner failed to purchase a new residence within the replacement period required by section 1034(a), and therefore she does not qualify for nonrecognition treatment.

Section 1034(a) provides for rollover of gain on the sale of a principal residence:

If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

Section 1034 is strictly construed. See Boesel v. Commissioner, 65 T.C. 378, 386 (1975); see also Lokan v. Commissioner, T.C. Memo. 1979-380; Bazzell v. Commissioner, T.C. Memo. 1967-101. If a taxpayer is to receive nonrecognition treatment under section 1034, it is essential that he or she maintain continuity of title. See Starker v. United States, 602 F.2d 1341, 1351 (9th Cir. 1979); Marcello v. Commissioner, 380 F.2d 499, 502 (5th Cir. 1967), affg. on this issue and remanding on other issues T.C. Memo. 1964-299; Boesel v. Commissioner, supra; see also De Ocampo v. Commissioner, T.C. Memo. 1997-161; Allied Marine Sys., Inc. v. Commissioner, T.C. Memo. 1997-101, affd. without published opinion sub nom. Gibbons v. Commissioner, 155 F.3d 558 (4th Cir. 1998); Edmondson v. Commissioner, T.C. Memo. 1996-393; May v. Commissioner, T.C. Memo. 1974-54. This requirement operates to prevent taxpayers from enjoying the benefits of tax deferral while placing themselves in a position as nontitleholders to escape future recognition. See Boesel v. Commissioner, supra at 388.

"The clear statutory language requires that a new residence be purchased and used by the taxpayer." Marcello v. Commissioner, supra at 502. If a third party owns the new residence, the purchase requirement of section 1034(a) is ordinarily not met. Id. The reasons for having a third party purchase the new residence or the fact that the taxpayer provided the third party with the funds to purchase the new residence are simply not relevant. See De Ocampo v. Commissioner, supra; Allied Marine Sys., Inc. v. Commissioner, supra; Edmondson v. Commissioner, supra; May v. Commissioner, supra.

Petitioner chose to form Bay and have Bay purchase the Haifa property. Courts have repeatedly observed that "while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not". Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149 (1974). Furthermore, nearly 6 months after Bay purchased the Haifa property petitioner, on the Form 2119, stated that she had not bought or built a new main home.

Petitioner failed to obtain record title to the Haifa property, or any other property that would qualify as a new residence, during the replacement period. This alone prevents petitioner from deferring the gain realized on the sale of the California residence. See id.; Boesel v. Commissioner, supra.

Thus, we sustain respondent's determination that the gain on the California residence does not qualify for nonrecognition treatment pursuant to section 1034.

To reflect the foregoing,

Decision will be entered under Rule 155.